**McKinley WILLIAMS, Plaintiff-Appellant,**

v.

**Walter H. WILKINS, Warden of Attica State Prison, Attica, New York, Defendant-Appellee.**

**No. 270, Docket 27889.**

United States Court of Appeals Second Circuit.

Submitted March 12, 1963.

Decided April 1, 1963.

McKinley Williams, pro se.

Louis J. Lefkowitz, Atty. Gen., of State of New York, Irving Galt, Asst. Sol. Gen., and Sheldon Raab, Deputy Asst. Atty. Gen., for defendant-appellee.

Before MOORE, FRIENDLY and SMITH, Circuit Judges.

PER CURIAM.

Appellant Williams, a state prisoner confined in a New York state prison, applied to the United States District Court for the Western District of New York for permission to sue the warden of the prison under the Civil Rights Act, citing 28 U.S.C. §§ 1343 and 1651, and 42 U.S.C. § 1983, seeking an injunction restraining the warden from denying Williams access to his "law materials" a dictionary and World Almanac. The Court, John O. Henderson, District Judge, denied the application as "without merit". The District Court also denied permission to appeal in forma pauperis. This Court granted permission to appeal in forma pauperis and to dispense with appendices and took the appeal on submission of the parties' briefs and exhibits and appellee's appendix. We find no merit in the appeal and affirm the order of the District Court.

It appears from the material submitted by appellant that a dictionary and al-

---

manac were taken from him when he was placed in segregation for disciplinary reasons. There is no claim that he is denied periodic access to the limited prison law library or access to the courts, state and federal, through the mails. Indeed, this appeal itself demonstrates neither difficulty in access to the courts nor lack of facility in presenting argument. Refusal to allow Williams to keep in his segregation cell the two books which had somehow come into his possession violated no federal right of Williams and is not sufficient basis for a civil rights action, even under the most liberal view of the propriety of court review of prison disciplinary action. See the critique "Complaints of Convicts", 72 Yale Law Journal 506.

The order of the District Court denying permission to bring an action in forma pauperis is affirmed.